IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM L. ENDLER, )
        Plaintiff, )
)
v. ) 2:10-cv-493
)
COMMISSIONER OF )
SOCIAL SECURITY, )
        Defendant. )

## REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (Docket No. 10) be denied; that the defendant's motion for summary judgment (Docket No. 12) be granted, and that the decision of the Commissioner be affirmed.

II. Report

Presently before the Court for disposition are cross motions for summary judgment.

On April 19, 2010, William L. Endler, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on September 11, 2007 (R.108-112). On December 3, 2007, benefits were denied (R.65-69), and on January 29, 2008 the plaintiff requested a hearing (R.70). Pursuant to that request a hearing

was held on April 7, 2009 (R.25-54). In a decision filed on June 5, 2009, an Administrative Law Judge denied benefits (R11-21), and on June 19, 2009, the plaintiff requested reconsideration of that determination (R.9-10). On January 27, 2010, the Appeals Council affirmed the prior determination (R.6-8). Pursuant to an extension of time, the instant complaint was filed on April 19, 2010.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence, Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits,

an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

> As set forth in 20 C.F.R. § 416.905(a), disability is defined as:
>
> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> In addition, a person will be considered disabled if he/she is
>
> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

> A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:
>
> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.
>
> For purposes of determining whether or not the plaintiff met the eligibility

requirements, certain evidence was considered by the Commissioner.

At the hearing held on April 7, 2009 (R.25-54), the plaintiff appeared with counsel who observed that the claim for benefits was based on the plaintiff's mental limitations and not on his physical ailment (R.27,30). The plaintiff testified that he was born on June 18, 1958 (R.36); that he earned a GED (R.37,39); that he had average reading skills (R.37) and that he

had a medical assistance card and was receiving food stamps (R.44). The plaintiff also testified that he had not been employed since 1994 (R.28, 38).

In addition, the plaintiff testified that he was mentally unable to focus on things (R.39); that he was not receiving psychological counseling or medication (R.40); that his legs swell but the doctors are unable to find the etiology of the problem (R.40,42); that he has a hearing loss in his left ear (R.40); that he can walk for about ten minutes and stand for about five minutes (R.44); that he watches TV and plays computer games to pass time (R.47) and that he performs some household chores (R.48).

The plaintiff's wife testified that they have two minor children (R.32); that the plaintiff has experienced difficulty focusing on chores for about three or four years (R.33-34) and that the plaintiff is unable to remember what task he is engaged in (R.33-35).

At the hearing a vocational expert was called upon to testify. He classified the plaintiff's prior work unskilled entailing a medium exertional level (R.50). The witness also testified that an individual of the plaintiff's age, education and past work experience who could life twenty pounds occasionally, ten pounds frequently, stand and walk for about two hours and sit for six hours and who experienced a left hearing loss could be gainfully employed (R.50-51). When asked whether a person of the plaintiff's background could be gainfully employed if limited to sedentary work, the witness again answered affirmatively (R.51-52). However, the witness also testified that if because of lack of concentration the individual could not function gainfully for a third of the day, and had frequent absences, he would not be employable (R.52-53).

In addition, certain other evidence was considered.

The plaintiff's I.Q. was reported to be 85 on his high school transcripts (R.167-178).

In a report of a consultative examination conducted on November 20, 2007, some limitation of motion was noted and it was reported that the plaintiff could frequently lift twenty pounds, stand or walk for up to two hours and sit without limitation. Dr. Fagioletti diagnosed hearing difficulty and ankle pain of unknown etiology. A hearing evaluation was recommended (R.179-187).

In a residual functional capacity evaluation completed on November 29, 2007, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand or walk for two hours and sit for six hours (R.188-194).

A psychiatric review completed on November 30, 2007 revealed no medically determinable impairments and no psychiatric limitations. Plaintiff's I.Q. was noted to be 85 (R.195-207).

The plaintiff was diagnosed with bilateral neuropathy on August 27, 2007 and said to be temporarily incapacitated from August 1, 2007 through December 1, 2007 (R.164-166).

The records of the Washington Hospital from the period from January 31, 2002 through January 21, 2008 reveal treatment for swollen feet, contact dermatitis, foot lacerations, congestion and fever (R.208-272).

On January 24, 2008, the plaintiff was evaluated by Dr. Bruce M. Cotugno who could not find any neurological deficits (R.274-280).

In a report of a psychological evaluation conducted on August 2, 2008, Michael Crabtree, Ph.D. noted borderline mental functioning with an I.Q. of 72, but indicated that the

plaintiff was operating in the mild mentally retarded range. Mild mental retardation was diagnosed (R.309-313).

The plaintiff was treated at the Centerville Clinics between March 28, 2002 and March 7, 2009, where limb swelling, left ear hearing loss, hyperglycemia and osteoarthritis of the knee were noted. Thigh high hose and a strapping boot were recommended, as well as an ENT/otolaryngologist evaluation for a hearing loss (R.281-308, 314-333). Based on the evidence presented, the Commissioner determined:

> The claimant has the following severe impairments: left ear hearing loss; bilateral lower extremity neuropathy; and obesity...
>
> The above impairments cause significant limitation in the claimant's ability to perform basic work activities.
>
> Although the claimant reported having severe arthritic pain, there are no objective clinical signs or imaging studies in the medical evidence of record establishing that the claimant has any medically determinable arthritic impairment.
>
> The claimant also has no severe mental impairments assessed under either Listing 12.02 or Listing 12.05. Although the claimant reported having difficulty with reading and writing when he filed his claim, he testified that he is an average reader, can write, and earned a GED after quitting school in the 12th grade. He and his wife also testified that for the past three or four years, he has been unable to focus, yet this complaint has not been made to his primary care providers...
>
> [H]is performance IQ was 85, which is the same IQ the claimant had in school ... and is not consistent with a person purportedly having problems with concentration, and his full scale IQ was 72, which is in the borderline range of intellectual functioning... The claimant also testified that he uses the computer several hours every day, e-mailing and playing computer games, which also evidences intact cognitive functioning. Consequently, the claimant is found to have no more than mild difficulties in maintaining concentration, persistence or pace...

Consequently, in view of the foregoing circumstances and evidence, the Administrative Law [Judge] concludes that no further evaluation of the claimant's mental status ... is warranted...

[T]he Administrative Law Judge will consider the effect of the claimant's obesity when evaluating his other impairments...

Regarding the claimant's neuropathy, the medical evidence of record ... does not show significant and persistent disorganization of motor function in both of the claimant's lower extremity necessary to meet or medically equal the criteria of Listing 11.14, even when considering the claimant's obesity. Also, the claimant's hearing loss, which he has had since childhood, does not rise to the level necessary to meet or medically equal the criteria of Listing 2.08.

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work ... except he can only stand and/or walk for two hours; sit for six hours; occasional postural movements but no climbing ladders, ropes or scaffolds; and no work in noisy environments or exposure to workplace hazards...

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's and his wife's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible...

As noted earlier, the testimony that the claimant has difficulties with focus and concentration appears to be exaggerated, as is the claim that the claimant is only able to stand for five minutes, walk for 10 minutes, and lift no more than 10 pounds due to his lower extremity complaints...

The claimant's extreme limitations in standing, walking, sitting or lifting, is also not consistent with his activities of daily living ...

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform...

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate... (R.16-20).

From a review of the evidence it would appear that the plaintiff does not suffer from any disabling physical impairments and that with certain limitations he is able to be gainfully employed even with the limitations imposed by his low I.Q. In addition, the Commissioner is charged with accessing credibility, and in the instant case found the plaintiff's allegation of limited credibility. <u>Diaz v. Commissioner</u>, 577 F.3d 500, 506 (3d Cir.2009). For this reason, the Commissioner's conclusion is supported by substantial evidence.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. <u>Azur v. Chase</u>, 601 F.3d 212 (3d Cir.2010). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within fourteen (14) days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                     Respectfully submitted,

Filed; November 16, 2010                        s/ROBERT C. MITCHELL,
                                                                    United States Magistrate Judge

Date: